**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KING CLIFFORD JEFFERSON,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, GRACE JACKSON, and JEFFREY MANNING,<br><br>Defendants. | Civil Action No. 22-04676 (GC) (TJB)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

This matter comes before the Court upon Defendants Bank of America, Grace Jackson, and Jeffrey Manning's Motion to Dismiss (ECF No. 15) Plaintiff King Clifford Jefferson's Complaint (ECF No. 8), as well as Plaintiff's Motion to Restore Case to Trial (ECF No. 21).[1] Plaintiff did not oppose Defendants' Motion. Defendants opposed Plaintiff's Motion (ECF No. 24), and Plaintiff replied (ECF No. 25). The Court has carefully considered the parties' submissions and decides the motions without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' Motion to Dismiss is **GRANTED**.

---

[1] Plaintiff also filed two motions for summary judgement (ECF Nos. 28, 32), which the Court terminated (ECF Nos. 31, 36) based on its May 4, 2023 Order (ECF No. 27).

I. **BACKGROUND**

   A. **Procedural History**[2]

   On July 21, 2022, Plaintiff filed a Notice of Removal of a Trenton Municipal Court case, listed in Defendant's Notice of Removal as *Trenton Municipal Court and Kristina M. Bryant v. King Clifford Jefferson* and docketed as Case No. W-2020-00005. (ECF No. 1.) Plaintiff is listed as the defendant in the case that he sought to remove to this Court. (*Id.* at 1.)[3] On August 2, 2022, Plaintiff filed an Application to Proceed *In Forma Pauperis* ("IFP"), without including or appending the Trenton Municipal Court complaint. (ECF No. 5.) On September 28, 2022, the Court granted Plaintiff's IFP application and ordered Plaintiff to file the original complaint. (ECF No. 7.) Instead of filing the complaint identified in his Notice of Removal, Plaintiff filed a complaint captioned *King Clifford Jefferson v. Bank of America et. al* (ECF No. 8), Docket No. MID-L-001369-22, which Plaintiff had originally filed in the Superior Court of New Jersey but was dismissed in that court on October 14, 2022, for failure to prosecute (*see* ECF No. 16-3).[4] This became the operative complaint.

   On December 15, 2022, Defendants moved to dismiss. (ECF No. 15.) Defendants chiefly argue (i) that removal to this Court was improper because Plaintiff is not the defendant in this case

---

[2]   For further details concerning the procedural history of this case, see Letter Order dated July 13, 2023. (ECF No. 45.)

[3]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[4]   The Court takes judicial notice of the State Court docket sheet. *See Efofex, Inc. v. Realhub Inc.*, Civ. No. 21-8454, 2023 WL 3901575, at *2 n.3 (D.N.J. June 8, 2023) ("[A] court may take judicial notice of public records." (quoting *Liberty Int'l Underwriters Canada v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013))); *Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) ("[J]udicial opinions and docket sheets are public records, of which this court may take judicial notice in deciding a motion to dismiss." (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993))).

and (ii) that this Court lacks subject matter jurisdiction because there is no present controversy as the case was dismissed in the Superior Court of New Jersey in October 2022. (ECF No. 17 at 3-4.) Plaintiff did not oppose Defendants' Motion.

On December 13, 2022, Plaintiff filed a Motion to Restore Case to Trial. (ECF No. 21.) On January 3, 2023, Defendants opposed because, among other reasons, Plaintiff should have filed his motion to restore the case in the Superior Court of New Jersey, which is where the case was originally dismissed for failure to prosecute. (ECF No. 24 at 6.) Plaintiff's reply did not meaningfully address Defendants' arguments. (*See* ECF No. 25.)

On July 17, 2023, upon the Court's Order of July 13, 2023 (ECF No. 45), Plaintiff filed a letter confirming that Plaintiff intends to stand in this case on the state-court Complaint he filed against the presently named defendants even though it conflicts with the case identified in Plaintiff's IFP application (*see* ECF No. 46 at 2).

**B. Factual Background**

The Complaint includes little by way of factual background. Plaintiff alleges that "[t]he defendant (Bank of America) disclosure agreement has coerced plaintiff (account holder), into wavering their Constitutional protected right to a trial by jury in exchange for an arbitrary hearing, of judicial review, without the written or oral consent, by the plaintiff, as disclosed in the colorable agreement or policy." (ECF No. 8 at 62.) In a later filing, Plaintiff adds that this action "does take issue with the jury trial waiver provision of BANA's deposit agreement." (ECF No. 46 at 2.) The Court, in its best efforts, construes the pleadings as Plaintiff's challenge to an arbitration clause in an agreement form supplied by Defendants.

3

## II.   LEGAL STANDARD

### A. Failure to State a Claim – Rule 12(b)(6)

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

### B. Pleading Requirements – Rule 8

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), (a)(2), (d). The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*

4

*v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Even *pro se* litigants must "comply with the basic pleading requirements of Rule 8(a)." *Purisma v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018).

### III. DISCUSSION

#### A. Removal of Case to Federal Court by Plaintiff

Defendants submit that Plaintiff's removal of the case from the Superior Court of New Jersey to this federal Court was improper because, under 28 U.S.C § 1441(a), a plaintiff may not remove a case to federal court. (ECF No. 17 at 3-4.) The Court agrees. Section 1441(a) provides that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). "[T]he right to remove a case from state to federal court is reserved to defendants, not plaintiffs." *Hughey v. SEPTA-Se. Pennsylvania Transp. Auth.*, 712 F. App'x 214, 215 (3d Cir. 2018) (citations omitted); *see also Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that . . . removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants*." (emphasis in original)).

Because Plaintiff is, of course, not the defendant here, his removal of his own case to federal court was not permitted by the removal statute. Thus, the Complaint must be dismissed for the Court's lack of jurisdiction. *See Conner*, 457 F.2d at 1242-43 (dismissing a case for lack of jurisdiction where a plaintiff attempted to remove state action to federal court); *Del Priore v. Sabo*, Civ. No. 19-17806, 2020 WL 1485895, at *4 n.4 (D.N.J. Mar. 27, 2020) ("'It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court

5

to a defendant or defendants.' Removal by plaintiffs would therefore warrant dismissal of this action for lack of jurisdiction." (quoting *Conner*, 457 F.2d at 1243)). Given this ruling, the Court also lacks jurisdiction to rule on Plaintiff's Motion to Restore Case to Trial (ECF No. 21), which therefore must be terminated.

### B. Rule 12(b)(6) and Rule 8

In addition, Plaintiff's Complaint does not provide adequate notice of the claims against Defendants. The Complaint is unclear, needlessly voluminous, without numbered paragraphs, and congested with legal jargon while missing insight as to the factual or legal nature of Plaintiff's claims. (*See generally* ECF No. 8.) "Dismissal under Rule 8 is . . . proper when a complaint left the defendants having to guess what of the many things discussed constituted [a cause of action] . . . or when the complaint is so rambling and unclear as to defy response." *Conard v. Pennsylvania*, Civ. No. 22-1121, 2022 WL 14915566 at *4 (M.D. Pa. Oct. 25, 2022) (alterations in original) (internal quotations and citations omitted). "Similarly, dismissal is appropriate in those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (internal quotations and citations omitted).

Plaintiff's Complaint includes neither "a short and plain statement of the claim showing that the pleader is entitled to relief" nor allegations that are "simple, concise, or direct." Thus, it does not comply with Rule 8's requirements. Given the lack of factual basis, the Complaint fails to allege sufficient facts to support a claim and is thus deficient under Rule 12(b)(6).

## IV.   CONCLUSION

For the foregoing reasons, and other good cause shown, Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED**. Plaintiff's Complaint (ECF No. 8) is **DISMISSED** without prejudice. Plaintiff's Motion to Restore Case to Trial (ECF No. 21) is **TERMINATED**. Because

an amendment would be futile due to the improper removal to federal court, this dismissal without prejudice is final. An appropriate Order follows.

Dated: July 19, 2023

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**